IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DARRELL TAYLOR,**

        **Plaintiff,**

v.                                                                                              Case 2:19-cv-02298-JTF-cgc

**ABON TAYLOR, JR. and
DYLA DRAKE TAYLOR,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING
PURSUANT TO 28 U.S.C. § 1915**

---

On May 8, 2019, Plaintiff Darrell Taylor filed a *pro se* Complaint, alleging federal jurisdiction pursuant to 28 U.S.C. § 1331. (Docket Entry ("D.E.") # 1.) Plaintiff also filed a motion to proceed *in forma pauperis*, which this Court granted on May 23, 2019. (D.E. # 2 & 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] For the reason set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrate Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

## I. Introduction

Plaintiff's Complaint lacks many factual allegations, and those within it are difficult to understand. From what the Court can glean from Plaintiff's Complaint, Plaintiff is suing the Defendants, Abon Taylor Jr. ("Mr. Taylor") and Dyla Drake Taylor who are allegedly married. Plaintiff appears to argue that Mr. Taylor has stolen Plaintiff's identity and used that stolen identity to gain some of Plaintiff's assets. For relief, Plaintiff seeks "all monies in [his] identity that [Mr. Taylor] has" as well as damages for pain and suffering and civil and criminal charges.

## II. Analysis

Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matters, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal quotations and emphasis omitted)).  District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create a *pro se* litigant's claim for him."  *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

The first issue to be considered is whether the Court has subject-matter jurisdiction over this action.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside the limited jurisdiction, and the burden off establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee*, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction.  The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1.  Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("[A] court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indent. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject

3

matter jurisdiction in regard to every case and may raise the issue sua sponte."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

It does not appear that the Court has subject-matter jurisdiction under the most common provision relied on by litigants. Under 28 U.S.C. § 1331, which governs federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Although Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff's Complaint does not mention the United States Constitution or any federal law or treaty. Nor do the factual allegations in Plaintiff's Complaint, even liberally construed, state a claim which arises under the United States Constitution or any federal law or treaty. Accordingly, the Court lacks federal question jurisdiction.

The Court also lacks diversity jurisdiction. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A federal court has jurisdiction under 28 U.S.C. § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983). The Complaint does not allege that there is diversity jurisdiction in this case. Plaintiff is a resident of Tennessee, and the Complaint does not allege his citizenship. Furthermore, the Defendants are also both residents of Tennessee, and the Complaint does not allege their citizenship either. Accordingly, the Court lacks diversity jurisdiction as well. Therefore, because this Court lacks subject-matter jurisdiction, it is RECOMMENDED that Plaintiff's claims be dismissed.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 396 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 23rd day of June 2020.

                                            s/ Charmiane G. Claxton
                                            CHARMIANE G. CLAXTON
                                            UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**